*595 Rawlinson, Circuit Judge,
concurring in part and dissenting in part:
I concur in that portion of the disposition upholding the determination that Michael Dalton reached maximum medical improvement on March 4, 2004. However, I respectfully dissent from that portion of the disposition reversing the calculation of the weekly wage by the Administrative Law Judge (ALJ).
We review the findings of the ALJ under the substantial evidence standard. See Rhine v. Stevedoring Svcs. of Am., 596 F.3d 1161, 1165 (9th Cir. 2010). This standard of review “is extremely deferential to the factfinder.” Id. (citation and internal quotation marks omitted).
Under 33 U.S.C. § 910(c), the ALJ has considerable “flexibility” in determining the “reasonable average wage.” Rhine, 596 F.3d at 1165. The analysis “is not meant to be strictly mathematical." Id. So long as the ALJ “give[s] regard to evidence of the employee’s annual earning capacity,” his reasonable wage determination should be upheld. Id.
It is indisputable that the ALJ “g[a]ve regard to evidence of the employee’s annual earning capacity.” Id. Indeed, the ALJ considered Dalton’s actual earnings. The majority takes issue with the number of years considered by the ALJ, but that is not our call to make. As we recognized in Rhine, even if the methodology used by the ALJ “had flaws,” if “upon consideration of all available evidence, the ALJ concluded that [the data] represented the best estimate of [Dalton’s] average wages” we should defer to the ALJ’s finding. Id.
The fact that we would reach a different conclusion on the same evidence does not justify setting the ALJ’s determination aside. Because I would deny the petition in its entirety, I respectfully dissent from that portion of the disposition granting the petition.